IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:09-cv-66-RLV
(5:05-cr-234-RLV-CH-2)

| | |
|---|---|
| JOHN ANDREW SPEAGLE, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under Rule 60(b)(4) to Void Judgment, (Doc. No. 19), on Petitioner's Motion to Appoint Counsel, (Doc. No. 20), and on Petitioner's Motion to Amend/Correct Argument Relating to Alleyne, (Doc. No. 21).

**I.    BACKGROUND**

On August 18, 2006, Petitioner pled guilty to conspiracy to possess with intent to distribute a quantity of methamphetamine and crystal methamphetamine, in violation of 21 U.S.C. § 846. (Case No. 5:05-cr-234-RLV-CH-2, Doc. No. 86: Acceptance and Entry of Guilty Plea; Doc. No. 125: Judgment). On June 18, 2007, this Court sentenced Petitioner to 292 months' imprisonment. (Id., Doc. No. 125: Judgment). Petitioner's sentence was enhanced based on a prior drug felony under 21 U.S.C. § 851. On July 7, 2008, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Speagle, 285 Fed. App'x 90 (4th Cir. 2008). On November 17, 2008, the Supreme Court denied Petitioner's petition for writ of certiorari. Speagle v. United States, 555 U.S. 1038 (2008).

On June 4, 2009, Petitioner filed the underlying Section 2255 motion to vacate, which

1

this Court denied and dismissed on the merits on April 2, 2010. (Case No. 5:05-cr-234-RLV-CH-2, Doc. Nos. 166; 168: Civil No. 5:09-cv-66). On February 3, 2011, the Fourth Circuit dismissed Petitioner's appeal of the Court's Order denying the motion to vacate. United States v. Speagle, 410 Fed. App'x 699 (4th Cir. 2011). On August 17, 2012, Petitioner filed a second Section 2255 motion to vacate. See (Crim. Case No. 5:05-cr-234, Doc. No. 193: Civil No. 5:12-cv-134). On March 11, 2013, this Court dismissed the motion as an unauthorized, successive petition. (Id., Doc. No. 194).

On July 31, 2013, Petitioner filed the pending motion to void judgment under FED. R. CIV. P. 60(b)(4), in which he seeks relief from the Court's judgment on his motion to vacate under Alleyne v. United States, 133 S. Ct. 2151 (2013). On September 3, 2013, he filed a motion to amend/correct his argument relating to Alleyne.

## II. DISCUSSION

Petitioner filed the instant Rule 60(b) motion, seeking to have the Court void its prior judgment on Petitioner's motion to vacate his conviction and sentence in Case No. 5:05-cr-234-RLV-CH-2. As noted, Petitioner has already filed two § 2555 motions to vacate his conviction and sentence in Case No. 5:05-cr-234-RLV-CH-2. The Court adjudicated the first motion on the merits, and the Court determined that the second motion was an unauthorized successive petition. Regardless of the name that Petitioner has assigned to his instant motion, it is in substance a successive petition because in the motion Petitioner is again attempting to attack his conviction and sentence in Case No. 5:05-cr-234-RLV-CH-2.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus,

2

Petitioner must first obtain an order from the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Indeed, on June 5, 2012, July 3, 2012, June 17, 2013, and July 17, 2013, the Fourth Circuit denied Petitioner's motions to file a successive petition. (Case No. 5:05-cr-234-RLV-CH-2, Doc. Nos. 187; 190; 195; 196). Accordingly, this unauthorized, successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"). In any event, the Court notes that, contrary to Petitioner's contention, Alleyne is not applicable on collateral review. Thus, even if Petitioner's Rule 60(b) were not successive, he would still not be entitled to relief under Alleyne.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's motion under Rule 60(b)(4) to void judgment for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion under Rule 60(b)(4) to Void Judgment, (Doc. No. 19), is **DISMISSED** as a successive petition.

2. Petitioner's Motion to Amend/Correct Argument Relating to Alleyne on Original Motion under Rule 60(b)(4), (Doc. No. 21), is **GRANTED** to the extent that the Court has considered Petitioner's amended argument related to Alleyne.

3. Petitioner's Motion to Appoint Counsel, (Doc. No. 20), is **DENIED** as moot.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 6, 2015

Richard L. Voorhees
United States District Judge